UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HEATHER FARRIS,

　　　　Plaintiff,

　　v.

LIFE INSURANCE COMPANY OF
NORTH AMERICA,

　　　　Defendant.

Case No.　25-cv-04164-RS

**ORDER GRANTING DEFENDANT'S
MOTION REGARDING CHOICE OF
LAW AND STANDARD OF REVIEW**

## I. INTRODUCTION

In this action regarding denial of benefits under the Employee Retirement Security Act of 1974 ("ERISA"), Defendant moves for a court order setting out North Carolina as the governing law and abuse of discretion as the proper standard of review. For the reasons set forth below, California law that protects California residents such as Plaintiff from abuse of discretion review of ERISA benefits decisions does not void the parties' North Carolina choice of law. Accordingly, Defendant's motion is granted.[1]

## II. BACKGROUND

### A.　Factual Background

Plaintiff Heather Farris worked for Lowe's Companies, Inc. ("Lowe's") in California until she acquired a disability. She resided in California at that time and has continued to reside here.

---

[1] Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for May 14, 2026 is vacated

Lowe's is incorporated in North Carolina. Defendant Life Insurance Company of North America ("LINA") denied Plaintiff's claim for long-term disability benefits under Lowe's Long-Term Disability Plan (the "Plan"), giving rise to this action. Plaintiff filed suit against LINA in May 2025, and the parties went to mediation but did not settle in January 2026. Defendant LINA filed the present motion, which Plaintiff opposes, to establish by court order the choice of law and proper standard of review in February 2026.

LINA issued the at-issue group long-term disability policy VDT-0980095 (the "Policy"), which is governed by ERISA, to Lowe's in North Carolina effective September 1, 2013. LINA insures the benefits and adjudicates the claims under the Policy while Lowe's is the Plan Administrator. The cover page of the Policy contains the following provision: the Policy "is issued in North Carolina and shall be governed by its laws" (the "North Carolina Provision"). Dkt. 25-4 at 1170.

The terms of the Plan are set forth in the Policy and other documents, including an appointment of claim fiduciary document ("ACF"), a Certificate of Coverage (the "Certificate"), and Supplemental Information for Lowe's Companies, Inc. required by ERISA (the "ERISA Information"). The ACF and Certificate contain language granting discretionary authority to Defendant (the "Discretionary Review Provisions"), and the ACF requires that this grant of discretion be included in the Summary Plan Description ("SPD"). Dkt. 25-5 at 1301; Dkt. 25-6 at 1255, 1295. ERISA requires the SPD be distributed to Policy participants.

The Certificate also lists the benefits, conditions, and limits of the Policy and states to whom benefits will be paid. The first page of the Certificate also includes the following notice (the

---

**IMPORTANT NOTICES**

If you reside in one of the following states, please read the important notices below:

**Arizona, Florida and Maryland residents:**

The group policy is issued in the state of North Carolina and will be governed by its laws. If you reside in a state other than North Carolina, this certificate of insurance may not provide all of the benefits and protections provided by the laws of your state. PLEASE READ YOUR CERTIFICATE CAREFULLY.

*United States District Court*
*Northern District of California*

"Arizona-Florida-Maryland Notice"):

Dkt. 25-6 at 1223. There is an additional notice on that page for residents of Texas, but no notice on that or other pages directed at residents of California. The ERISA Information provides certain information required by ERISA, identifies the Plan Administrator as Lowe's, and, as mentioned, grants discretionary authority to LINA. Defendant asserts in its motion that the Certificate and ERISA Information constitute the Plan's required SPD.

### B.  California Insurance Code § 10110.6

California Insurance Code § 10110.6, which became effective on January 1, 2012, protects California residents against disability insurance policies that grant discretionary authority to interpret the policy to the insurer or its agent. It provides in relevant part,

> (a) If a policy, contract, certificate, or agreement offered, issued, delivered, or renewed, whether or not in California, that provides or funds life insurance or disability insurance coverage for any California resident contains a provision that reserves discretionary authority to the insurer, or an agent of the insurer, to determine eligibility for benefits or coverage, to interpret the terms of the policy, contract, certificate, or agreement, or to provide standards of interpretation or review that are inconsistent with the laws of this state, that provision is void and unenforceable.

Cal. Ins. Code § 10110.6. The purpose of the Legislature in enacting Senate Bill No. 621, which became § 10110.6, was to "prohibit life and disability insurance policies from containing a discretionary clause, and to prohibit the Insurance Commissioner from approving disability insurance policies that contain a discretionary clause." S. Rules Comm., 2011-2012 Sess., S.B. 621 (Cal. Aug. 26, 2011).

### III. LEGAL STANDARD

A motion for determination of the choice of law and standard of review in an ERISA case presented with matters outside the pleadings is brought as a motion for partial summary judgment under Federal Rule of Civil Procedure 56. *See Murphy v. California Physicians Serv.*, 213 F. Supp. 3d 1238, 1241 (N.D. Cal. 2016). Under Rule 56, judgment is proper where "there is no genuine issue as to any material fact and… the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of demonstrating the absence of a

CASE NO. 25-cv-04164-RS

genuine issue of material fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If the moving party carries that burden, then the opposing party must set forth specific facts showing that a triable issue exists. *Id.*

Here, Defendant's Motion in Support of the ERISA Plan's North Carolina Choice of Law and the Abuse of Discretion Standard of Review seeks resolution of questions of law based on declarations and attached plan documents. Accordingly, it is treated as a motion for partial summary judgment under Rule 56.

### IV. DISCUSSION

The default standard of review for a denial of ERISA benefits is *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The plan language purporting to grant discretion must be clear and unambiguous in providing discretion to the administrator. *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999). If the plan unambiguously gives the plan administrator discretion to determine a plan participant's eligibility for benefits, then the standard of review shifts to abuse of discretion. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006) (en banc). If California Insurance Code Section 10110.6 ("Section 10110.6") applies, however, such discretionary review provisions are void and unenforceable. Cal. Ins. Code § 10110.6; *Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan*, 856 F.3d 686, 692 (9th Cir. 2017) ("The statute… is 'self-executing'; thus, if any discretionary provision is covered by the statute, 'the courts shall treat that provision as void and unenforceable.' " (citations omitted)).

Accordingly, the proper standard of review for Plaintiff's claim denial depends on a threshold question: whether, as Defendant argues, the North Carolina Provision operates as a North Carolina choice of law provision such that Section 10110.6 does not apply. Plaintiff disagrees, arguing that: the "North Carolina Provision" cannot be interpreted reasonably as a contractual choice of law provision governing all aspects of the Policy and superseding California

insurance protections; despite a purported split of authority on the matter, a choice of law provision cannot invalidate Section 10110.6; and there is no conflict between Section 10110.6 and North Carolina law, so any choice in the North Carolina Provision can be applied alongside California's protections.

### A. The North Carolina Provision as a Valid Choice of Law Provision

Plaintiff argues that the North Carolina Provision, which states "[i]t [i.e., the Policy] is issued in North Carolina and shall be governed by its laws," does not reflect a bargained-for contractual choice of law because a reasonable layperson would not read this single sentence, "placed not within any of the actual substantive sections of the Policy," Dkt.29 at 6, as voiding all other state insurance regulation but rather as "merely a declaration that the issuance of the Policy is being done pursuant to North Carolina's laws," *id.* at 7. They argue this interpretation is supported by the Arizona-Florida-Maryland Notice because that notice would be unnecessary if the North Carolina Provision already provided notice that those states laws would not apply. These arguments are unavailing. The statement, on the cover page of the Policy, that the Policy "shall be governed by [North Carolina's] laws" unambiguously reflects a choice of North Carolina law. The Arizona-Florida-Maryland Notice provides additional warning to residents in those states, but it does not neutralize the North Carolina Provision.

### B. Enforceability of the Choice of Law Provision

Plaintiff argues that even if the North Carolina Provision is a contractual choice of law provision, it is not enforceable such that Section 10110.6 does not apply. In federal question cases like ERISA suits, "the court should apply federal, not forum state, choice of law rules." *In re Lindsay*, 59 F.3d 942, 948 (9th Cir. 1995); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987) (ERISA suits reflect federal law questions). Under federal law, "[w]here a choice of law is made by an ERISA contract, it should be followed, if not unreasonable or fundamentally unfair" "when viewed from the time when the contract was made." *Wang Laboratories, Inc. v. Kagan*, 990 F.2d 1126, 1128-29 (9th Cir. 1993) (where plaintiff was a California resident injured in California, but defendant and most of its employees resided in

Massachusetts, application of plan's selection of Massachusetts law was fair and reasonable).

Various courts in this district have rejected the position that a non-California choice of law provision is unreasonable or fundamentally unfair simply because it does not provide for the protection intended by Section 10110.6. *See Moorhead v. Unum Life Ins. Co. of Am.*, No. 25-CV-01826-HSG, 2026 WL 874398, at *3 (N.D. Cal. Mar. 30, 2026); *Whitesell v. Liberty Life Assurance Co. of Bos.*, 650 F. Supp. 3d 832, 836 (N.D. Cal. 2022); *Ehrlich v. Hartford Life & Acc. Ins. Co.*, No. 20-cv-02284-JST, 2021 WL 4472845, at *7-8 (N.D. Cal. May 7, 2021). These courts, instead, enforced choice of law provisions selecting non-California law and did not void provisions providing for discretionary review of benefits decisions. There is no persuasive reason to break from those cases.[2]

Here, North Carolina choice of law is fair and reasonable for similar reasons as in those cases. Lowe's is headquartered in North Carolina with hundreds of thousands of employees in states across the country, and so uniform application of North Carolina law to each dispute arising under the LTD policy is reasonable. *See Moorhead*, No. 25-CV-01826-HSG at *3. Accordingly, the North Carolina Provision is enforceable as a choice of law provision, and the Discretionary Review Provisions are not voided by Section 10110.6.

## V. CONCLUSION

For the foregoing reasons, the choice of law to be applied is North Carolina and the standard of review is abuse of discretion. Defendant's motion is granted.

---

[2] *Rapolla v. Waste Mgmt. Emp. Benefits Plan*, No. 13-CV-02860-JST, 2014 WL 2918863 (N.D. Cal. June 25, 2014) is a case that went the other way on this issue, and on which two other cases relied, *Snyder v. Unum Life Ins. Co. of America*, Case No. CV–13–07522 BRO RZX, 2014 WL 7734715, at *10–11 (C.D.Cal. Oct. 28, 2014) and *Hirschkron v. Principal Life Ins. Co.*, 141 F. Supp. 3d 1028, 1031 (N.D. Cal. 2015). However, the *Rapolla* court repudiated the *Rapolla* decision in *Ehrlich*, saying it erred in *Rapolla* by failing to conduct a choice of law analysis and engage with the Ninth Circuit's instruction in *Wang*. *Rapolla*, No. 20-cv-02284-JST at *7 n. 8.

United States District Court
Northern District of California

**IT IS SO ORDERED**.

Dated: May 8, 2026

_____
RICHARD SEEBORG
Chief United States District Judge